WY Carbon County District Court
2nd JD
Sep 16 2026 09:25AM
Unassigned
80655175
**FILED**

2026-CV-0000101
Mara M Sangel
Clerk of District Court
Carbon County
Filed by: Brianna Gonzalez

Colin M. Simpsom, 5-2312
David M. Hill, 7-6306
BURG SIMPSON ELDREDGE
HERSH & Jardine, P.C.
1135 14th Street
Cody, WY 82414
307-527-7891
csimpson@burgsimpson.com
dmhill@burgsimpson.com
*Attorney for Plaintiff*

| | | |
|---|---|---|
| **STATE OF WYOMING** | ) | **IN THE DISTRICT COURT** |
| | )SS. | |
| **COUNTY OF CARBON** | ) | **SECOND JUDICIAL DISTRICT** |

| | | |
|---|---|---|
| DOLORES BUSTOS, | ) | Civil Action No. ________________ |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| NISSAN NORTH AMERICA, INC., | ) | |
| a foreign corporation, | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

Plaintiff Dolores Bustos, by and through her undersigned counsel, complains against Defendant Nissan North America, Inc. and alleges as follows:

### PARTIES JURISDICTION AND VENUE

1. Plaintiff Dolores Bustos ("Plaintiff" or "Mrs. Bustos") is an adult resident of Carbon County, Wyoming.

2. Defendant Nissan North America, Inc. ("Nissan") is a foreign corporation that conducts business in the State of Wyoming, including the design, manufacture, marketing, distribution, sale, servicing, inspection, and/or support of Nissan motor vehicles and their component systems.

3. At all relevant times, Nissan designed, manufactured, tested, inspected, assembled, marketed, distributed, sold, and/or placed into the stream of commerce the 2015 Nissan Pathfinder and the supplemental restraint system, side curtain airbag system, crash sensors, electronic control module, deployment logic, and related component parts at issue in this action.

4. This Court has subject matter jurisdiction over this action under Wyoming law.

5. Nissan is subject to personal jurisdiction in Wyoming because Nissan has transacted business in Wyoming, placed vehicles and component parts into the stream of commerce with the expectation that they would be purchased and used in Wyoming, has registered to do business in Wyoming as a foreign corporation, and because the incident and injuries at issue occurred in Wyoming.

6. Venue is proper in Carbon County, Wyoming because the incident giving rise to this action occurred in Rawlins, Carbon County, Wyoming, and because Plaintiff suffered injuries and damages in Carbon County, Wyoming.

**FACTUAL ALLEGATIONS**

7. On or about October 1, 2024, Plaintiff was operating a 2015 Nissan Pathfinder, VIN 5N1AR2MM4FC649113, in Rawlins, Carbon County, Wyoming.

8. Plaintiff was operating the vehicle in a normal, ordinary, intended, and foreseeable manner.

9. Prior to the incident, the vehicle was regularly maintained and had never been in a collision.

10. Plaintiff was not involved in a motor vehicle collision.

11. Plaintiff did not strike another vehicle, object, animal, roadway feature, obstruction, or other hazard.

12. While Plaintiff was driving, the driver-side curtain airbag suddenly and unexpectedly deployed without warning.

13. The deployment occurred in the absence of an actual collision or impact event.

14. The deploying airbag struck Plaintiff and caused immediate physical injury, pain, bruising, swelling, and functional limitation.

15. Immediately after the deployment, Plaintiff sought emergency medical treatment at Memorial Hospital of Carbon County because of rapidly increasing pain and swelling.

16. Plaintiff reported pain in her left rib and side, left hip, left forearm, left upper arm, left shoulder, and right shoulder.

17. Emergency providers documented a hematoma to Plaintiff's proximal left forearm and musculoskeletal pain following the deployment.

18. After leaving the emergency department, Plaintiff continued to experience significant pain and limitation, including difficulty using her right shoulder.

19. On or about October 14, 2024, Plaintiff presented to Dr. Charles Young for continued right shoulder pain. Dr. Young noted bruising, ordered an MRI of the right shoulder, and prescribed medication and topical pain treatment.

20. Nissan later inspected or caused an inspection of the vehicle.

21. Nissan acknowledged that the left-side impact and curtain airbags were fully deployed.

22. Nissan acknowledged that the driver's seat belt was locked in the extended position due to pretensioner activation.

23. Nissan further acknowledged that electronic data reflected deployment of the supplemental restraint system.

24. Nissan denied responsibility, asserting that the restraint system detected conditions that "may be consistent with a possible side impact" and deployed based on those conditions.

25. Nissan further asserted that the absence of an impact does not "unequivocally confirm" the presence of a defect.

26. Nissan's response confirms that the supplemental restraint system deployed and that Nissan has taken the position that the system may deploy based upon predictive logic, sensor interpretation, or perceived conditions even in the absence of a confirmed actual impact.

27. A reasonably safe and properly functioning vehicle restraint system should not deploy a side curtain airbag in the absence of an actual collision or impact.

28. At the time the vehicle left Nissan's possession and control, the vehicle and/or its restraint system were defective and unreasonably dangerous due to defects in design, manufacture, warnings, instructions, sensors, crash-detection logic, electronic control systems, calibration, and/or component integration.

29. Plaintiff sustained injuries and damages as a direct and proximate result of the defective and unreasonably dangerous condition of the vehicle and restraint system.

**FIRST CLAIM FOR RELIEF – Strict Products Liability - Manufacturing Defect**

30. Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

31. The vehicle and/or restraint system contained one or more manufacturing defects because the vehicle and/or component systems deviated from Nissan's intended design, specifications, performance standards, or other substantially identical units in the same product line.

32. The defect existed at the time the vehicle and/or component parts left Nissan's possession and control.

33. The manufacturing defect rendered the vehicle and restraint system unreasonably dangerous for ordinary and foreseeable use.

34. The manufacturing defect was a direct and proximate cause of Plaintiff's injuries and damages.

**SECOND CLAIM FOR RELIEF – Strict Products Liability - Design Defect**

35. Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

36. The vehicle and/or restraint system were defectively designed because the design permitted, required or caused unintended deployment of the driver's side curtain airbag in the absence of an actual collision or impact.

37. The foreseeable risks associated with the design exceeded the benefits of the design.

38. Safer alternative designs, calibrations, algorithms, sensors, safeguards, diagnostic logic, fail-safe programming, and/or component configurations existed prior to the incident and were technologically and economically feasible.

39. The design defect rendered the vehicle and restraint system unreasonably dangerous.

40. The design defect was a direct and proximate cause of Plaintiff's injuries and damages.

**THIRD CLAIM FOR RELIEF – Strict Products Liability - Failure to Warn**

41. Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

42. Nissan knew or should have known that the vehicle and/or restraint system could present an unreasonable risk of unintended, spontaneous, or non-collision airbag deployment.

43. Nissan failed to provide adequate warnings, instructions, notices, recalls, service bulletins, owner communications, or other safety information sufficient to warn users, owners, purchasers, dealers, and service providers of the risk.

44. The absence of adequate warnings and instructions rendered the vehicle unreasonably dangerous.

45. Nissan's failure to warn was a direct and proximate cause of Plaintiff's injuries and damages.

**FOURTH CLAIM FOR RELIEF – Negligence**

46. Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

47. Nissan owed Plaintiff and other foreseeable users a duty to exercise reasonable care in the design, manufacture, testing, inspection, certification, marketing, distribution, sale, monitoring, investigation, repair, and warning of the vehicle and its restraint system.

48. Nissan breached its duties by failing to use reasonable care, including by failing to adequately design, test, inspect, monitor, investigate, correct, recall, repair, and/or warn concerning the vehicle and its restraint system.

49. Nissan knew or reasonably should have known that unintended deployment of an airbag system could cause serious bodily injury.

50. Nissan's negligence was a direct and proximate cause of Plaintiff's injuries and damages.

**FIFTH CLAIM FOR RELIEF – Negligent Failure to Warn**

51. Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

52. Nissan owed Plaintiff a duty to provide reasonable and adequate warnings and instructions concerning dangers associated with the vehicle and its restraint system.

53. Nissan breached that duty by failing to provide adequate warnings and instructions regarding the risk of unintended or non-collision deployment of the side curtain airbag system.

54. Had adequate warnings, notices, instructions, recalls, or communications been provided, Plaintiff and/or others would have been able to avoid or reduce the risk of harm.

55. Nissan's negligent failure to warn was a direct and proximate cause of Plaintiff's injuries and damages.

**SIXTH CLAIM FOR RELIEF – Breach of Implied Warranty of Merchantability**

56. Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

57. Nissan impliedly warranted that the vehicle was merchantable and fit for the ordinary purposes for which such vehicles are used.

58. A passenger vehicle whose side curtain airbag deploys in the absence of an actual collision or impact is not fit for ordinary transportation purposes.

59. The vehicle and restraint system failed to conform to the implied warranty of merchantability.

60. The breach of implied warranty was a direct and proximate cause of Plaintiff's injuries and damages.

**SEVENTH CLAIM FOR RELIEF – Breach of Implied Warranty of Fitness for a Particular Purpose**

61. Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

62. Nissan knew or had reason to know that purchasers and users of Nissan vehicles rely on Nissan's skill, judgment, design, engineering, manufacture, and safety systems to provide a vehicle that can be safely operated for ordinary transportation.

63. Plaintiff and other foreseeable users relied upon Nissan to provide a vehicle and restraint system suitable for safe ordinary operation.

64. The vehicle and restraint system were not fit for their intended and ordinary safety purposes because the restraint system deployed in the absence of an actual collision.

65. The breach of implied warranty was a direct and proximate cause of Plaintiff's injuries and damages.

**EIGHTH CLAIM FOR RELIEF – Punitive Damages**

66. Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

67. Discovery is expected to show that Nissan knew or should have known of prior similar incidents, reports, complaints, claims, testing data, engineering information, warranty data, field data, or other information concerning unintended or non-collision deployment of similar restraint systems.

68. Discovery is further expected to show that Nissan consciously disregarded the safety of Plaintiff and other foreseeable users by failing to adequately investigate, warn, recall, repair, or otherwise correct the risk.

69. Nissan's conduct, if proven, was willful, wanton, reckless, and/or in conscious disregard of the rights and safety of others.

70. Plaintiff therefore seeks punitive damages in an amount to be determined by the trier of fact and as permitted by Wyoming law.

**DAMAGES**

71. As a direct and proximate result of Nissan's wrongful conduct, Plaintiff has suffered physical injuries, pain, bruising, swelling, impairment, loss of function, and other bodily harm.

72. Plaintiff has incurred medical expenses and may incur additional medical expenses in the future.

73. Plaintiff has suffered pain, suffering, inconvenience, emotional distress, loss of enjoyment of life, and other non-economic damages.

74. Plaintiff has suffered and will continue to suffer damages in amounts to be proven at trial.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Dolores Bustos respectfully requests that the Court enter judgment in her favor and against Defendant Nissan North America, Inc. and award the following relief:

A. Compensatory damages in an amount to be proven at trial;

B. Past and future medical expenses;

C. Past and future pain, suffering, inconvenience, impairment, and loss of enjoyment of life;

D. Emotional distress damages;

E. Punitive damages as permitted by Wyoming law;

F. Pre-judgment and post-judgment interest as allowed by law;

G. Costs and such other recoverable expenses as allowed by law; and

H. Such further relief as the Court deems just and proper.

DATED this 16th day of September, 2026.

*<u>/s/ David M. Hill</u>*
Colin M. Simpson, 5-2312
David M. Hill, 7-6306
BURG SIMPSON ELDREDGE
HERSH & JARDINE, P.C.
1135 14th Street
Cody, WY 82414
307-527-7891
csimpson@burgsimpson.com
dmhill@burgsimpson.com
*Attorneys for Plaintiff*

| | | |
|---|---|---|
| **STATE OF WYOMING** | **)** | **IN THE DISTRICT COURT** |
| | **)SS.** | |
| **COUNTY OF CARBON** | **)** | **SECOND JUDICIAL DISTRICT** |

| | | |
|---|---|---|
| DOLORES BUSTOS, | ) | Civil Action No. 2026-CV-0000101 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| NISSAN NORTH AMERICA, INC., | ) | |
| a foreign corporation, | ) | |
| | ) | |
| Defendant. | ) | |

## AFFIDAVIT OF SERVICE

STATE OF WYOMING )
) ss.
COUNTY OF LARAMIE )

____________________________, being first duly sworn on oath, deposes and says that he/she is over the age of 21 years and is not a party to the foregoing action or interested therein, and that she made service of said Summons in the County aforesaid on the __ day of _______________, 2026, at _______________ __.m., by delivering a copy of the same, together with a copy of the Complaint and Assignment of Judge to:

_____________________________________________________________________________

_____________________________________________________________________________

____________________________________________

Subscribed and sworn to before me by ______________________, this _____ day of _________________, 2026.

____________________________________________
Notary Public

My commission expires:_______________________